Affirmed by unpublished PER CURIAM opinion. Judge GREGORY wrote a separate concurring opinion.
Unpublished opinions are not binding precedent in this circuit.
PER CURIAM:
In this products liability action filed in state court but removed to the District of Maryland pursuant to 28 U.S.C. § 1441(a), removal being based on the diversity of citizenship of the opposing parties, see 28 U.S.C. § 1332(a)(1), Plaintiffs James and Sylvia Mack, as surviving parents of Crystal Ann Mack, and Mr. Mack in his capacity as personal representative of his daughter’s estate, appeal the district court’s award of summary judgment to Defendants AmerisourceBergen Drug Corporation and Johnson & Johnson, along with the latter’s subsidiary, Centocor, Inc. The appeal also encompasses the court’s interlocutory rulings denying the Macks’ motion to remand and excluding from consideration the expert testimony of one of their witnesses as the result of an evidentiary assessment prompted by the Supreme Court’s decision in Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).
The Macks allege that their daughter’s death was caused by Remicade, a drug manufactured by Centocor and distributed by AmerisourceBergen. Remicade is typically prescribed, as it was in Crystal’s case, to treat Crohn’s disease. The medical examiner, following an autopsy, opined that Crystal died from an intestinal hemorrhage attributable to her underlying disease, exacerbated by her diabetes. The Macks contend that Crystal instead succumbed to cardiac arrhythmia stemming from her treatment regimen, and that the *203 Defendants misrepresented the safety and efficacy of Remicade.
The district court, however, declined to reach the question of causation, ruling that the Macks had not adduced sufficient evidence at the summary judgment stage to support a threshold showing that Remicade was defective in its design or manufacture, such that a reasonable juror could determine that the drug was “unreasonably dangerous” as defined by Maryland law. See Phipps v. General Motors Corp., 278 Md. 337, 363 A.2d 955, 959 (1976). The court also concluded that the Macks had failed to identify any actionable misrepresentation or to demonstrate their detrimental reliance thereon.
Having considered the parties’ written submissions and the arguments of counsel, we now affirm the judgment of the district court for the reasons it stated from the bench and set forth in its written opinions and orders. See Transcript of Motions Hearing at 69-88, Mack v. AmerisourceBergen Drug Corp. (D.Md. Aug. 20, 2009) (No. 1:08-cv-00688) (granting Defendants’ motion in limine to exclude testimony of James T. O’Donnell); Mack v. AmerisourceBergen Drug Corp., No. 1:08-cv-00688, Letter Order at 1, 2009 WL 2730175 (D.Md. Aug. 25, 2009) (memorializing oral rulings of August 20, 2009 hearing); Mack v. AmerisourceBergen Drug Corp., No. 1:08-cv-00688, Memorandum Order at 4, 2009 WL 2730175 (D.Md. Aug. 25, 2009) (denying Macks’ motion for remand to Circuit Court for Baltimore City); Mack v. AmerisourceBergen Drug Corp., No. 1:08-cv-00688, Memorandum Opinion at 6-12, 2009 WL 4342513 (D.Md. Nov. 24, 2009) (granting Defendants’ motion for summary judgment as to products liability and misrepresentation claims).

AFFIRMED.